```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ARTHUR T. OUTTERBRIDGE, | Civil Action No. 04-6058 (JBS) |
| Petitioner, | [Cr. No. 03-354-04 (JBS)] |
| v. | |
| EDWARD B. MOTLEY, Warden, | **OPINION** |
| Respondent. | |

**APPEARANCES**:

>   Mr. Arthur T. Outterbridge
>   40740-050
>   FCI Fort Dix
>   P.O. Box 1000
>   Fort Dix, NJ  08640
>
>   Christopher J. Christie,
>   U.S. Attorney
>   By:  Louis J. Bizzarri,
>        Assistant U.S. Attorney
>   Camden Federal Building
>   401 Market Street, 4th Floor
>   P.O. Box 2098
>   Camden, NJ  08101

**SIMANDLE, District Judge**

The Petitioner, Arthur T. Outterbridge, was convicted after a jury trial in this Court of conspiracy to defraud the United States and of multiple counts of uttering fictitious obligations intending to defraud.  On October 25, 2004, this Court sentenced him to 60 months imprisonment on the conspiracy count, and 68 months imprisonment on each of the fictitious obligations counts,

all to be served concurrently,[1] together with restitution and supervised release.

This petition for release from custody through habeas corpus relief filed under 28 U.S.C. § 2241 raises the issue whether such relief may be entertained while the petitioner is pursuing a direct appeal from his conviction and sentence.  For the following reasons, this Court holds that the relief sought herein is available only under Section 2255, and that consideration of such a petition is premature until petitioner's direct appeal is concluded.  Accordingly, this petition to set aside the conviction will be dismissed without prejudice to Petitioner's right to seek Section 2255 relief after his conviction becomes final.

On October 28, 2004, Petitioner Outterbridge, through his attorney, filed a Notice of Appeal to the U.S. Court of Appeals for the Third Circuit, which is presently pending at App. No. 04-4174.[2]

---

[1] The term of the criminal sentence ran consecutively to the defendant's imprisonment under the civil contempt order filed by this Court on April 27, 2004.  Mr. Outterbridge purged his civil contempt in his declaration and affidavits filed December 16, 2004 and December 17, 2004, and his civil contempt was terminated by Order filed December 21, 2004 in U.S. v. Outterbridge, Cr. No. 03-354-4 (JBS) [Docket Item 422].  Thus, Mr. Outterbridge is serving his criminal sentence at the present time.

[2] Outterbridge's appeal has been consolidated with the appeals of four of his co-defendants by an Order filed January 11, 2005, according to the Court of Appeals' docket.

Meanwhile, on October 7, 2004, the present petition was filed pro se in the Eastern District of Pennsylvania where Petitioner was temporarily confined, alleging that his confinement was illegal due to lack of jurisdiction of the United States over the places in New Jersey where he was found to have committed his crimes.  He challenges his convictions for lack of federal jurisdiction upon multiple reasons and seeks immediate release from confinement.  By Order dated October 28, 2004, filed November 1, 2004, a Judge of the Eastern District of Pennsylvania found that the petition presented a challenge to the legality of the conviction in New Jersey and transferred the matter to this District's docket, transmitting same on December 1, 2004.  Mr. Outterbridge was assigned by the Bureau of Prisons to FCI Fort Dix as his place of confinement in this District, where he is now confined.

The Respondent has moved to dismiss the petition for lack of subject matter jurisdiction under 28 U.S.C. § 2241, which was served by mail upon Mr. Outterbridge at FCI Fort Dix on April 27, 2005.  Petitioner has submitted no opposition to this dismissal motion.

The Respondent United States argues that Outterbridge's claims are cognizable only under Section 2255, since he seeks release from confinement upon this Court's judgment of conviction due to lack of jurisdiction.  A federal prisoner, seeking to

3

challenge the validity of his conviction or the imposition of his sentence must ordinarily "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  United States v. Addonizio, 442 U.S. 178, 105-86 (1979); United States v. Golden, 795 F.2d 19, 20-21 (3d Cir. 1987).  Petitioner's post-conviction relief for his claims, if any, lies exclusively in the sentencing court pursuant to motion under Section 2255.  Petitioner has not argued that his Section 2255 remedy is "inadequate or ineffective to test the legality of his detention" under the terms of the "savings clause" of Section 2255, which states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Section 2255 ¶ 5.  The present case does not present circumstances under which a Section 22555 remedy would be inadequate or ineffective, since Petitioner is currently able to raise his jurisdictional grounds in his presently pending direct appeal.  The appellate court always has the opportunity to re-examine the jurisdiction of the trial court upon direct review of the lower court's judgment of conviction.

This case, in which a direct appeal is pending, does not fall into the narrow exception to the rule of exclusiveness of Section 2255. For example, this is not a situation where a Supreme Court's subsequent interpretation of the statute of conviction renders the petitioner's conduct non-criminal, such that the need for a remedy becomes apparent due to the exceptional nature of the case. Davis v. United Staes, 417 U.S. 333, 346 (1974); In re Dorsainvil, 119 F.3d 245, 250-252 (3d Cir. 1997) (permitting § 2241 petition by prisoner who had no earlier opportunity by direct appeal or § 2255 motion to challenge his conviction for a crime that an intervening change in substantive law may negate). The obvious fact -- that Petitioner can challenge the jurisdictional basis for his conviction and sentencing upon his direct appeal -- precludes permitting this § 2241 application to be heard while the direct appeal is pending.

Moreover, this § 2241 petition should not be converted into a § 2255 motion[3] because it is premature. It is clear that a § 2255 motion should not be heard while a direct appeal is pending regarding the same conviction. The Advisory Committee Note, to Rule 5 of the Rules Governing Section 2255 Proceedings, indicates that such a § 2255 motion "is inappropriate if the movant is

---

[3] Because the Court is not considering converting this presentence petition into a § 2255 motion, no additional notice to Petitioner is required by United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

simultaneously appealing the decision."  The Advisory Committee noted with approval the following language from <u>Womack v. United States</u>, 395 F.2d 630, 631 (D.C. Cir. 1968):

> We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.

Other courts have likewise indicated their preference that a § 2255 motion should not be considered while an appeal is pending. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122 (6th Cir. 1998); <u>United States v. Tindale</u>, 522 F.2d 689 (D.C. Cir. 1975).  Such a motion under § 2255, if filed during pendency of a direct appeal, is ordinarily dismissed without prejudice, <u>United States v. Deeb</u>, 944 F.2d 545 (9th Cir. 1991), <u>cert. denied</u>, 503 U.S. 975 (1992).  Again, no extraordinary circumstance is presented in Mr. Outterbridge's petition, as the jurisdictional assaults he again raises were addressed before trial and found to be without colorable merit.

Accordingly, this Court holds that Petitioner's § 2241 petition attacking his conviction and sentencing is precluded by § 2255, that any motion for relief from confinement under this sentence must be filed under § 2255, and that any motion under § 2255 would be premature while his direct appeal is pending.  The present petition will be dismissed without prejudice to the timely filing of a motion under § 2255 after his conviction has

become final following appeal.  The accompanying Order is entered.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    U.S. District Judge